UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT E. MAHON,

        Plaintiff,

-against-

CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/2015

13 Civ. 8817 (AT)(KNF)

**MEMORANDUM
AND ORDER**

ANALISA TORRES, District Judge:

  Plaintiff, Robert E. Mahon, brings this action under 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability insurance benefits. The parties cross-move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Before the Court is the Report and Recommendation (the "R & R") of Magistrate Judge Kevin Nathaniel Fox, which proposes that Defendant's motion be granted and Plaintiff's motion be denied. For the reasons stated below, the Court ADOPTS the R & R in its entirety.

### BACKGROUND[1]

  On January 7, 2011, Plaintiff filed a claim for disability insurance benefits, *see* Admin. R. ("R.") 132-133, ECF No. 8-1. On February 24, 2011, Plaintiff filed an amended claim, *id.* at 134-135, which the Social Security Administration denied on July 13, 2011, *id.* at 74-79, ECF No. 8. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on August 26, 2011. *Id.* at 53. ALJ Robert Gonzalez conducted a hearing on June 5, 2012. *See id.* at 29-66. ALJ Gonzalez issued a decision on August 13, 2012, finding that Plaintiff was not disabled under Sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. § 401-434. *Id.* at 12-28.

---

[1] The Court presumes familiarity with the facts, as detailed in the R & R, *see* R & R 1-17, ECF No. 27, and, accordingly, does not summarize them in full here.

On October 3, 2012, Plaintiff requested administrative review of the ALJ's decision. *Id.* at 7-11. The Appeals Council denied Plaintiff's request on October 18, 2013, making the ALJ's decision the final decision of the Commissioner. *Id.* at 1-6.

Plaintiff filed the complaint in this action on December 12, 2013. Compl., ECF No. 1. On December 13, 2013, the Court referred the matter to Magistrate Judge Fox. Order of Reference to a Magistrate Judge, ECF No. 2. The parties subsequently cross-moved for judgment on the pleadings. Pl. Mot., ECF No. 12; Def. Mot., ECF No. 22. On May 13, 2015, Judge Fox issued the R & R, recommending that the Court grant Defendant's motion and deny Plaintiff's motion. R & R, ECF No. 27. Plaintiff filed timely objections to the R & R on June 8, 2015. Pl. Objs., ECF No. 30.

## DISCUSSION

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when a "party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R & R strictly for clear error. *Rivera v. Colvin*, 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014) (internal quotation marks and citation omitted); *see also Olorode v. Streamingedge, Inc.*, 11 Civ. 6934, 2014 WL 3974581, at *1 (S.D.N.Y. Aug. 13, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [R & R] do not trigger *de novo* review."). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL

4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. <u>Judicial Review under 42 U.S.C. § 405(g)</u>

In reviewing a final decision of the Commissioner, the court's role is to "determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *amended on other grounds by* 416 F.3d 101 (2d Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and citation omitted). The substantial evidence standard is a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Indeed, the court may reject the ALJ's factual findings "only if a reasonable factfinder would *have to conclude otherwise.*" *Id.* (internal quotation marks and citation omitted). If there is substantial evidence to support the Commissioner's final decision, "the Court must grant judgment in favor of the Commissioner, even if there also is substantial evidence for the plaintiff's position." *Emerson v. Comm'r of Soc. Sec.*, 12 Civ. 6451, 2014 WL 1265918, at *9 (S.D.N.Y. Mar. 27, 2014).

III. <u>Plaintiff's Objections</u>

Plaintiff raises two objections to Judge Fox's R & R. Specifically, Plaintiff contends that Judge Fox: (1) failed to address Plaintiff's claims that the ALJ improperly relied on the medical vocational rules to determine that Plaintiff was not disabled instead of requiring vocational expert testimony; and (2) erroneously upheld the ALJ's rejection of Dr. Schulster's opinion that

plaintiff was disabled. Pl. Objs. 3-5. The Court addresses each in turn.

### A. Reliance on the Vocational-Guidelines and Failure to Require Vocational Expert Testimony

Section 423 of the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration has established a five-step procedure for evaluating disability claims. *See* 20 C.F.R. § 404.1520(a)(4). "The claimant is assigned the burden through the first four steps (to show that he can no longer perform his past work due to a physical or mental impairment), and the Commissioner is assigned the burden at the fifth and final step (to show that the claimant can perform no other job in the national economy)." *Butts v. Barnhart*, 416 F.3d 101, 107 (2d Cir. 2005) (Jacobs, J., dissenting) (citing 20 C.F.R. § 404.1520(a)(4)). "In the ordinary case, the Commissioner meets his burden at the fifth step by resorting to the applicable medical vocational guidelines." *Rosa v. Callahan*, 168 F.3d 72, 78 (2d Cir.1999) (internal quotation marks and citations omitted). The medical vocational guidelines "take[] the claimant's residual functional capacity in conjunction with the claimant's age, education and work experience" and yield a determination as to "whether the claimant can engage in any substantial gainful work existing in the national economy." *Id.* (internal quotation marks and citations omitted). However, "exclusive reliance on the [medical vocational guidelines] is inappropriate where the guidelines fail to describe the full extent of a claimant's physical limitations." *Id.*

Plaintiff argues that ALJ Gonzalez erroneously applied the medical vocational guidelines at the fifth step of his analysis. Pl. Objs. 3-4. Because ALJ Gonzalez concluded that Plaintiff possessed multiple moderate mental limitations, Plaintiff contends that (1) the Commissioner had

an obligation to introduce expert vocational testimony to determine what impact these limitations would have on the range of work available to Plaintiff, and (2) ALJ Gonzalez could not rely on the medical vocational guidelines alone. Pl. Objs. 4-6.

Plaintiff's argument is unavailing. The Second Circuit has cautioned that the "mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines." *Bapp v. Bowen*, 802 F.2d 601, 603 (1986). Rather, only when "a claimant's nonexertional impairments significantly diminish his ability to work . . . so that he is unable to perform the full range of employment indicated by the medical vocational guidelines" is vocational expert testimony required. *Id.* Although ALJ Gonzalez found that Plaintiff had moderate difficulties with concentration, persistence, and pace, ALJ Gonzalez ultimately concluded that Plaintiff had the functional capacity to perform light work because Plaintiff "can occasional flex and extend his neck . . . perform bilateral overhead lifting . . . [and also] understand, remember and carry out simple, unskilled work-related tasks." R. at 18-20. Having concluded that Plaintiff's identified mental impairments "have little or no effect on the occupational base of unskilled light work," *see* R. at 25, ALJ Gonzalez properly relied on the medical vocational guidelines alone to determine Plaintiff's disability status. *See Calabrese v. Astrue*, 358 F. App'x 274, 276 ("In light of the ALJ's ultimate finding that Calabrese's 'additional [nonexertional] limitations ha[d] little or no effect on [her] occupational base of unskilled sedentary work,' the ALJ did not err in using the grids to determine Calabrese's disability status.") (internal citation omitted).

Furthermore, substantial evidence exists in the record to justify ALJ Gonzalez's conclusion that Plaintiff has the capacity to perform the full range of light work. Unskilled work requires: (1) [u]nderstanding, remembering, and carrying out simple instructions"; (2) "[m]aking

5

judgments that are commensurate with the functions of unskilled work"; (3) "[r]esponding appropriately to supervision, co-workers and usual work situations"; and (4) "[d]ealing with changes in a routine work setting." *Titles II & XVI: Determining Capability to Do Other Work—Implications of A Residual Functional Capacity for Less Than A Full Range of Sedentary Work*, SSR 96-9P, 1996 WL 374185 (S.S.A. July 2, 1996). Dr. M. Marks, a State Agency review analyst, opined that Plaintiff "was able to understand and remember wok procedures, could maintain adequate attention and concentration to complete work like procedures and can sustain a routine." R. at 18. And Dr. John L. Miller, a consultative psychiatric interviewer, found that despite Plaintiff's "significant difficulty dealing appropriately with stress, . . . all vocational functional capacities appear to be intact otherwise," as Plaintiff had adequate social skills, intact recent and remote memory skills, and good insight and judgment. *Id.*

Accordingly, the Court agrees with Judge Fox that the use of vocational expert testimony was discretionary in Plaintiff's case and that substantial evidence in the record supports the ALJ's conclusion that Plaintiff's nonexertional limitations were not significant enough to preclude him from light work.

B. Rejection of Dr. Schulster's Assessment

Plaintiff next complains that ALJ Gonzalez, in rejecting Dr. Paul Schulster's opinion that Plaintiff's pulmonary condition precludes Plaintiff's performance of any work, failed to specifically address Dr. Schulster's pulmonary function testing. Pl. Objs. 6-7. Although Judge Fox found that the remainder of the record, and Dr. Marks's report in particular, supported ALJ Gonzalez's determination, Plaintiff argues that Dr. Marks' report cannot contradict Dr. Schulster's findings because Dr. Marks made no findings as to Plaintiff's pulmonary impairments. Pl. Objs. 6-7.

As noted by Plaintiff, an ALJ need not specifically address "every conflicting shred of medical testimony" so long as the ALJ does not "unreason[ably] reject[] [] all [of] the evidence in a claimant's favor." *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir. 1983). "When ... the evidence of record permits [a court] to glean the rationale of an ALJ's decision, [courts] do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Monguer v. Heckler*, 722 F.2d 1033, 1040 (2d Cir.1983) (citation omitted). The Court, therefore, agrees with Judge Fox that substantial evidence in the record supports the decision to give no weight to Dr. Schulster's opinion.

Three aspects of the record inform the Court's decision. First, all three of the pulmonary functions test reports conducted by Dr. Schulster indicate only that Plaintiff suffered from "mild obstruction." R. at 421-23, ECF No. 8-3. Second, Dr. Ilene Stone, who conducted a consultative internal examination of Plainitff in May 2011, noted in her report that "[p]ulmonary function testing shows normal spinometry." *Id.* at 380. Third, Plaintiff reported to Dr. Stone that he had not required any emergency room or doctors' visits for his shortness of breath, and that he used an inhaler once a month to treat the condition. *Id.* at 377-378. Lastly, ALJ Gonzalez found that the range of Plaintiff's daily life activities undermined Plaintiff's claims concerning pain and inability to function. *Id.* at 21. In particular, ALJ Gomez noted that Plaintiff cooks and performs child care two to three times a week, does light cleaning, attends his children's sporting events, and has travelled both domestically and internationally. *Id.* This led ALJ Gonzalez to conclude that Plaintiff's daily activities "are not limited to the extent one would expect, given the [Plaintiff's] disabling symptoms and limitations." *Id.* These three aspects of the record contradict Dr. Schulster's opinion that Plaintiff is unable to work at all because of his pulmonary

conditions, and, therefore, adequately support ALJ Gomez's rejection of Dr. Schulster's opinion. Accordingly, the Court overrules Plaintiff's second objection.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R & R to which Plaintiff objects and has reviewed the remainder of the R & R for clear error.[2] For the reasons stated, the Court ADOPTS the R & R in its entirety. Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 12 and 22 and to close the case.

SO ORDERED.

Dated: September 28, 2015
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] To the extent not explicitly discussed above, the Court finds the unchallenged portions of the R & R to be free of clear error.